**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
One Bowling Green
New York, NY 10004

| | | |
|---|---|---|
| In re: | : | Case No. 09-16875-jlg |
| | : | Chapter 7, Judge Garrity |
| **Sarah Bannister** | : | SSN: xxx-xx-6248 |
| | : | |

_____

Sarah Bannister
Tiana Johnson
711 Amsterdam Ave. Apt. 8-I
New York NY 10025

                Plaintiffs,

vs.

Nelnet, Inc.
C/o CT Corporation
111 8th Avenue
New York NY 10011

and

Navient Solutions, Inc.
C/o Corporation Service Company
80 State Street
Albany NY 12207-2543

and                                  Adv. Pro. No.

American Education Services
1200 N 7th Street
Harrisburg PA 17102-1419

and

Citizens Financial Group, Inc.
D/B/A Citizens Bank
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington DE 19808

                Defendants.

**COMPLAINT SEEKING DISCHARGEABILITY OF PLAINTIFF'S STUDENT LOAN OBLIGATIONS**

Plaintiffs, Sarah Bannister, and Tiana Johnson, as and for their complaint against Defendants, hereby state and aver as follows:

**COUNT ONE**
**(Allegations Common to All Counts)**

1.   This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. §1334.  This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C §157(I) and arises in and is related to the chapter 7 bankruptcy case of Sarah Bannister.

2.   This adversary proceeding is brought under 11 U.S.C §523(a)(8) and Fed. R. Bankr. P. 7001, whereby Plaintiffs seek a determination that their respective student loan obligations should be subject to discharge in this bankruptcy case on the basis of undue hardship.

3.   On November 18, 2009 Plaintiff Sarah Bannister filed her voluntary petition under chapter 7 of the Bankruptcy Code and she received a discharge on May 26, 2010. On May 10, 2012 after trying in vain to reorganize various student loan obligations, Ms. Bannister petitioned this Court to re-open her bankruptcy case to determine dischargeability of said student loan debts.  On May 15, 2012 this Court granted Ms. Bannister's application, however, Ms. Bannister did not have the means to hire counsel and she was unable to find an attorney that would take the case *pro bono*.  On or about October 2015 Ms. Bannister retained the undersigned on an extremely "low bono" basis to prosecute this action.

4. Plaintiff Sarah Bannister is Tiana Johnson's mother and they live together. The subject student loans were taken for the benefit of Plaintiff Tiana Johnson and upon information and belief Plaintiff Sarah Bannister is a co-signor on the loans to American Education Services and Citizens Bank.

5. Plaintiff Sarah Bannister is an Administrative Analyst employed by the City of New York, Department of Homeless Services since 1999.

6. Plaintiff Tiana Johnson is a Vacancy Control Specialist employed by the City of New York, Department of Homeless Services since 2013.

7. Defendant Nelnet, Inc., is a foreign business corporation that conducts business in the State of Nebraska and is the holder of a consolidated student loan with Plaintiff Sarah Bannister, with an approximate principal balance of $338,451.21 (hereinafter referred to as the "Nelnet Loan").

8. Defendant Navient Solutions, Inc., is a foreign business corporation that conducts business in the State of Delaware and is the holder of a consolidated student loan with Plaintiff Sarah Bannister, with an approximate principal balance of $125,741.23 (hereinafter referred to as the "Navient Loan").

9. Defendant American Educational Services is a foreign business corporation that conducts business in the State of Pennsylvania and is the holder of a consolidated student loan with Plaintiffs Tiana Johnson and Sarah Bannister, with an approximate principal balance of $39,606.40 (hereinafter referred to as the "AES Loan").

10. Defendant Citizens Financial Group, Inc., is a foreign business corporation that conducts business in the State of Rhode Island and is the holder of a consolidated student

loan with Plaintiffs Tania Johnson and Sarah Bannister, with an approximate principal balance of $33,534.67 (hereinafter referred to as the "Citizens Loan").

11.     The approximate principal total of all of the Plaintiffs' student loan obligations as of the date of the filing of this complaint is approximately $537,333.51.

12.     Plaintiffs' current combined net monthly income is $10,565.00; however, after mandatory deductions they realize approximately $6,200.00.

13.     Plaintiffs' current approximate combined monthly expenses, without taking into account payments on the student loan obligations, approximate $6,000.00.

14.     Plaintiff Sarah Bannister has been attempting in good faith to make regular monthly payments on all of the loans.  However, as each of the various loans come out of forbearance and enter repayment the monthly obligations are skyrocketing.

15.     The Nelnet loan consists of six different groups, A, B, C, E, F and G.  The larger of those two groups, A and B have recently gone into repayment and their approximate respective balances are $92,519.07 and $53,797.50.  The monthly payment on these two groups alone is approximately $1,700.00.  When combined with the other groups, and including arrears, the monthly payment for the Nelnet loan as of November 2015 is $4,742.03.

16.     Plaintiff Sarah Bannister has been attempting in good faith to make regular monthly payments on the Navient loan.  After falling behind on several occasions Navient has arranged to directly debit $796.24 from Plaintiff Sarah Bannister's checking account each month.  However, with the pressure now on from the Nelnet loans and various other creditors, it is unlikely that the funds will be available for Navient debits in the near future.

17. Plaintiff Tiana Johnson has been attempting in good faith to make regular payments on the AES loan. The current monthly payment is $350.00. She is frequently one or two months behind.

18. Plaintiff Tiana Johnson has been making regular payments on the Citizens loan after a default and renegotiation. The current monthly payment is $125.00 however this amount is not even sufficient to cover the monthly interest and thus the loan balance is growing each month.

19. Plaintiffs have made numerous attempts to consolidate their student loans, however, due to poor credit issues caused by the various defaults over the years, they have been unable to find a lender that would be willing to do so. Moreover, the amount of debt is so staggering that it is unlikely that any consolidation or renegotiation would afford them any real relief.

20. Plaintiff Sarah Bannister has worked for the same employer for over sixteen years. She is unable to obtain a better or higher paying position. Additionally, she is currently in poor health and thus her financial situation is unlikely to improve.

21. Plaintiff Tiana Johnson is also employed by the City of New York and she currently earns $47,000.00 per year.

22. While Plaintiff Sarah Bannister earns considerably more than her daughter, her financial condition is perilous. She currently owes the Internal Revenue Service approximately $7,098.00 and New York State Department of Taxation and Finance $5,967.00 because she is not having enough money withheld from her payroll since she needs the cash to pay her creditors. She regularly underpays her taxes and then enters a repayment plan with the tax authorities. Additionally, $527.69 is deducted from each of

her bi-weekly paychecks to repay two pension loans. She is quite literally borrowing from Peter to pay Paul and the situation is simply unsustainable.

23.    The Plaintiffs' have put forth their best effort to maximize income and minimize expenses, however, given the amount of student loan debt, they are unable to allocate sufficient resources to pay the obligations while maintaining a minimal standard of living.

## COUNT TWO
### (Dischargeability of Nelnet loans)

24.    The allegations contained in each of the foregoing paragraphs are incorporated herein as if fully rewritten.

25.    The Nelnet loans are student loans within the purview of 11 U.S.C. §523(a)(8).

26.    Not excepting the Nelnet loans from discharge would result in an undue hardship for Plaintiff Sarah Bannister.

## COUNT THREE
### (Dischargeability of Navient loans)

27.    The allegations contained in each of the foregoing paragraphs are incorporated herein as if fully rewritten.

28.    The Navient loans are student loans within the purview of 11 U.S.C. §523(a)(8).

29.    Not excepting the Navient loans from discharge would result in an undue hardship for Plaintiff Sarah Bannister.

## COUNT FOUR
### (Dischargeability of AES loans)

30.   The allegations contained in each of the foregoing paragraphs are incorporated herein as if fully rewritten.

31.   The AES loans are student loans within the purview of 11 U.S.C. §523(a)(8).

32.   Not excepting the AES loans from discharge would result in an undue hardship for Plaintiff Sarah Bannister.

## COUNT FIVE
### (Dischargeability of Citizens loans)

33.   The allegations contained in each of the foregoing paragraphs are incorporated herein as if fully rewritten.

34.   The Citizens loans are student loans within the purview of 11 U.S.C. §523(a)(8).

35.   Not excepting the Citizens loans from discharge would result in an undue hardship for Plaintiff Sarah Bannister.

WHEREFORE, Plaintiffs Sarah Bannister and Tiana Johnson pray for the following relief:

   I.   On Count Two, for a determination that the Nelnet Loans are dischargeable, in whole or in part, pursuant to 11 U.S.C. §523(a)(8).

   II.  On Count Three, for a determination that the Navient Loans are dischargeable, in whole or in part, pursuant to 11 U.S.C. §523(a)(8).

   III. On Count Four, for a determination that the AES Loans are dischargeable, in whole or in part, pursuant to 11 U.S.C. §523(a)(8).

IV. On Count Five, for a determination that the Citizens Loans are dischargeable, in whole or in part, pursuant to 11 U.S.C. §523(a)(8).

V. And for any such other and further relief that this Court deems just and equitable.

Respectfully submitted,

SCOTT G. CERBIN, ESQ., PLLC
Attorneys for the Plaintiffs

By:/s/Scott G. Cerbin
Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, New York 11241
Tel: (718) 596-1829
Fax: (718) 228-4612
mail@cerbinlaw.com